JOHN BAKER, APPELLANT, v. JACOB HATFIELD AND WILLIAM AUSTIN EDWARDS, RESPONDENTS.

*Practice — notice of entry of order — what is a sufficient notice to start the running of the thirty days, within which an appeal must be taken — Code of Civil Procedure, sec.* 1351.

APPEAL from an order made at a Special Term denying a motion to compel the defendants' attorneys to receive a notice of appeal.

This case was on the calendar for trial at the Richmond Circuit on the 9th day of October, 1882. On that day the defendants moved the court, on affidavit, to strike out the plaintiff's amended complaint because it had been interposed only for delay. Thereupon the court decided to allow the amended complaint to remain and directed the defendants to answer the same immediately, the cause to be set down for the ensuing Wednesday, on condition that the plaintiff should then proceed with the trial. The condition was declined by the plaintiff, and the motion to strike out was granted. The cause stood for trial, and on its regular call on the calendar the plaintiff answered not, and the complaint was dismissed.

The order was entered and a certified copy procured, with the words "Filed October 11, 1882. A copy, C. A. Hart," indorsed thereon. It was also indorsed as follows: "Supreme Court. John Baker v. Jacob Hatfield and another. Copy order. De Groat, Rawson & Stafford, attorneys, Port Richmond, N. Y." This copy, with these words, was served on the attorney for the plaintiff on the 11th day of October, 1882, by mail, with the additional words indorsed on the back of it, "Order striking out amended complaint and dismissing cause."

On the 30th day of December, 1882, the attorney for the plaintiff served a notice of appeal from that order, which was returned with a statement of the ground that the same was not served within the time limited by law for that purpose. Thereupon a motion was made to compel the acceptance of the notice of appeal, which was denied, and from that order comes this appeal.

The court at General Term said: "Under the requirement of the Code of Civil Procedure (§ 1351) it was necessary to take the appeal from this order within thirty days after service of a copy of the order

and a written notice of its entry.   But the claim of the plaintiff is that no written notice of the entry of the order was served, and therefore his time to appeal was not set in motion.   In the first place the clerk certified that it was a copy, and then the defendants' attorney indorsed on it the words ' Copy order striking out amended complaint and dismissing cause.'   This certainly amounted to written notice that the order had been entered by the clerk.   No particular form of words or notice is prescribed.

" If written notice of the entry of the order was served on the plaintiff's attorney the statute was complied with, and the time to appeal commenced to run.   A substantial compliance with the statute was only necessary, and that was accomplished."

*Horace Barnard* and *Henry H. Browne*, for the appellant.

*S. F. Rawson*, for the respondent.

Opinion by DYKMAN, J. ; PRATT, J., concurred.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Order denying motion to compel acceptance of notice of appeal affirmed, with costs and disbursements.